# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-10537

United States Court of Appeals
Fifth Circuit

**FILED**
March 5, 2020

Lyle W. Cayce
Clerk

JANA BOWERS,

      Plaintiff–Appellee,

v.

ABUNDANT HOME HEALTH, L.L.C.,

      Defendant–Appellant.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:16-CV-1314

Before DENNIS, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Abundant Home Health, L.L.C. appeals the district court's enforcement of a settlement agreement putatively formed between Abundant and Jana Bowers on December 15, 2017. Abundant claims it never consented to the settlement agreement and asks us to reverse the district court's judgment. Because this appeal turns on an issue of fact—whether Abundant consented to the settlement agreement—we reverse and remand to the district court for an evidentiary hearing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-10537

I

Bowers brought claims against three defendants, including Abundant, for alleged violations of the Fair Labor Standards Act. Settlement negotiations ensued, with the parties exchanging various redlines of the proposed agreement until they seemingly reached consensus via email. Soon after, Bowers executed the agreement (the "Original Agreement") and her counsel forwarded the signed document to defendants' counsel. Two days later, on December 15, defendants' counsel emailed back, noting that he was attaching defendants' signature pages. Two documents were attached: the signature page to the Original Agreement, executed by Abundant's representative; and a separate settlement agreement, signed by all three defendants, that inconspicuously changed material terms of the Original Agreement. When Abundant failed to fulfill the terms of the Original Agreement, arguing it was invalid, Bowers sought enforcement from the district court. The district court determined that Bowers and Abundant entered into a valid and enforceable contract on December 15 and ordered that they be bound by the terms of the Original Agreement.[1] Abundant now appeals.

II

Our review of a district court's decision to enforce a settlement agreement depends on whether material facts are in dispute regarding the agreement's validity. *In re Deepwater Horizon*, 786 F.3d 344, 354 (5th Cir. 2015). If material facts are not in dispute, a district court may summarily enforce a settlement agreement, and we review only for an abuse of discretion. *Id*. If material facts are in dispute, however, we ask whether, taking the

---

[1] The district court concluded that the Original Agreement applied only to Abundant and Bowers. Proceedings related to the two remaining defendants are stayed pending this appeal.

2

No. 19-10537

appellant's factual assertions as true, the agreement is valid as a matter of law. *Id.* If it is not, we remand to the district court for an evidentiary hearing on the disputed issues of validity. [2] *Id.*

## III

## A

While Bowers argues that there are no factual disputes regarding the Original Agreement's validity,[3] Abundant claims the agreement is invalid because it "must have been" executed in error. Specifically, Abundant's counsel provided an affidavit stating that he cannot explain how the Original Agreement came to be signed or why he transmitted the signature page to Bowers's counsel. Because Abundant's counsel does not recall asking Abundant to sign the Original Agreement, he believes that both actions must have been done by mistake.

In federal contract law,[4] it is axiomatic that "one who signs or accepts a written instrument will normally be bound in accordance with its written terms," regardless of whether he bothered to read the document before signing it. *Am. Heritage Life Ins. Co. v. Lang*, 321 F.3d 533, 538 (5th Cir. 2003)

---

[2] In *In re Deepwater Horizon*, we explained that review of the validity of a settlement agreement is intentionally similar to summary judgment review because "[t]he stakes . . . are roughly the same—both deprive a party of his right to be heard in the litigation." 786 F.3d at 354 (quoting *Tiernan v. Devoe*, 923 F.2d 1024, 1031 (3d Cir. 1991)).

[3] In the alternative, Bowers argues that the parties had an enforceable settlement agreement as early as November 6, 2017, and no later than November 28, because the details of the settlement agreement had been finalized and agreed upon by counsel; the only remaining step was to reduce the agreement to a formal writing. Without expressing any views on the validity of those agreements, we note that our jurisdiction is limited to reviewing the district court's judgment: enforcement of the Original Agreement.

[4] Bowers's underlying claims concern alleged violations of the Fair Labor Standards Act, a federal statute. Therefore—and despite Abundant's assertion that Texas law controls—we look to federal law to determine whether the settlement agreement is enforceable or valid. *See, e.g.*, *Fisk Elec. Co. v. DQSI, L.L.C.*, 894 F.3d 645, 650 (5th Cir. 2018); *Mid-South Towing Co. v. Har-Win, Inc.*, 733 F.2d 386, 389 (5th Cir. 1984).

No. 19-10537

(internal quotation omitted); *see also* Restatement (Second) of Contracts § 23 (1981). However, "ordinary contract principles require a 'meeting of the minds' between the parties in order for agreements to be valid." *Id.* And if Abundant's representative did not knowingly and voluntarily sign the settlement agreement, "he may not have consented to [it] and a meeting of the minds may not have existed." *Id.* Because such "consent . . . is the essence of every valid contract," *French v. Shoemaker*, 81 U.S. 314, 333 (1871), and the circumstances surrounding Abundant's execution of the Original Agreement are murky (at best), we remand for an evidentiary hearing on the very limited issue of whether Abundant's representative knowingly and voluntarily executed the Original Agreement.

B

It is worth noting what issues are not subject to the evidentiary hearing. Abundant argues that it is not bound by the Original Agreement because it did not accept the agreement but proposed counter-offers to it. For instance, the email attaching Abundant's executed signature page contained another attachment: a revised settlement agreement signed by all of the defendants[5] that—unbeknownst to Bowers—changed material terms.[6] The text of the email also noted that Abundant had run into a problem with funding and likely would not be able to perform by the January 15 deadline set forth in the Original Agreement. Abundant characterizes both the revised agreement and

---

[5] For the first time on appeal, Abundant argues that the Original Agreement cannot be enforced against just one defendant. We reject this argument as forfeited. *See Fuller v. Phillips Petro. Co.*, 872 F.2d 655, 660 n.3 (5th Cir. 1989).

[6] Abundant's transmittal email merely stated, "Here are the signature pages," without any reference to a revised settlement agreement; nor did the revised agreement include redlines or any other indications that it had been altered. If this was intentional subterfuge, the actions were, at best, inappropriate gamesmanship and, at worst, blatantly deceitful, and we hasten to discourage attorneys and parties from employing such tactics in negotiations.

No. 19-10537

the email's text as counter-offers that expressly rejected the Original Agreement. Abundant's characterization is incorrect. There are no questions of fact regarding whether Abundant made a counter-offer. It did not.[7] So this issue is not the subject of our limited remand.[8]

## IV

More information is needed to ensure that Abundant's representative consented to the terms of the Original Agreement. We therefore REVERSE and REMAND for an evidentiary hearing consistent with this opinion.

---

[7] Abundant in no way indicated that it was making a counter-offer, conditioning the agreement on Bowers signing the newly provided document, or asking Bowers to agree to something other than what was in the Original Agreement with respect to Abundant. Instead, the Original Agreement's signature page was delivered without modification. So regardless of the additional attachment or whether it applies to the other defendants, Abundant failed "[t]o transmogrify a purported acceptance into a counter[-]offer." *Hoyt R. Matise Co. v. Zurn*, 754 F.2d 560, 566 (5th Cir. 1985) (noting that a purported acceptance only becomes a counter-offer if the *acceptance* materially differs from the offer). And the text of the email regarding the payment deadline did not condition Abundant's acceptance of the Original Agreement upon Bowers acquiescing to modified terms. Rather, it was a sharing of information about a potential roadblock to Abundant's fulfillment of its contractual obligations. Therefore, the text of the email did not amount to a counter-offer either. *See* Restatement (Second) of Contracts § 61 (1981) ("An acceptance which requests a change or addition to the terms of the offer is not thereby invalidated unless the acceptance is made to depend on an assent to the changed or added terms.").

[8] Whether Abundant's email was a legally effective counteroffer is distinct from the factual question of whether Abundant *intended* the email to be a counteroffer. We express no opinion on the latter matter, which is closely intertwined with the question of whether Abundant consented to the original settlement agreement.